IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LAWRENCE W. ROLAND, an individual,

        Plaintiff,

        v.

FIRST-CITIZENS BANK & TRUST
COMPANY, a North Carolina corporation;
CIT BANK INC., a Utah corporation; MTC
FINANCIAL, INC., dba TRUSTEE CORPS, a
California corporation; and LOANCARE,
LLC, a Virginia limited liability company,

        Defendants.

Case No. 6:24-cv-00562-MC

OPINION AND ORDER

**MCSHANE, Judge**:

      Plaintiff Lawrence Roland seeks the Court's assistance in resolving title issues to real property that he financed through a mortgage he obtained in 2007. He also brings an Unfair Debt Practice Act claim under ORS 646.639. Notice Removal Ex. A, ECF No. 1. Defendants First-Citizens Bank & Trust Company, CIT Bank, Inc., and LoanCare LLC move to dismiss Plaintiff's claims. Defs.' Mot. Dismiss, ECF No. 5. Because the statute of limitations began to run when the mortgage was accelerated, Defendants' motion to dismiss claims for quiet title and declaratory relief

1 – Opinion & Order

is DENIED. Because Plaintiff has stated a plausible claim under ORS 646.639, Defendants' motion to dismiss the third claim is DENIED.

## BACKGROUND[1]

On February 2, 2007, Plaintiff took out a mortgage to purchase 220-222 Gardenia Drive N, Salem, Oregon 97303. Notice Removal Ex. A, at ¶¶ 1–2. In 2009, a previous lender failed to appropriately credit a payment Plaintiff made towards the mortgage loan. *Id.* at ¶ 9. As a result, Plaintiff was wrongfully assessed late fees and other costs, which mounted to the point that the mortgage was in serious default. *Id.* On or about December 1, 2012, Plaintiff's mortgage was accelerated. *Id.* at ¶ 31. Since then, there have been multiple failed attempts to foreclose on the property. *Id.* at ¶ 14. Following a series of conveyances, Defendants CIT Bank and First-Citizens Bank are now the lender. *Id.* at ¶¶ 2–4. Defendants Loancare and Trustee Corp. are the attorney-in-fact to the lender and the successor trustee, respectively. *Id.* at ¶ 5.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*,

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

550 U.S. at 555.

**DISCUSSION**

Oregon law provides Plaintiff with statutory grounds for his claims for declaratory relief and to quiet title. Or. Rev. Stat. §§ 86.725, 88.110. For Plaintiff's claims to succeed, more than 10 years must have passed since "the date of maturity of the mortgage debt." *Id.* Otherwise, Plaintiff's claims are premature as the statute of limitations has not run. *Id.* This means, as Judge Nelson put it, "the merits of plaintiff's claim rest on the interpretation of the phrase 'the date of maturity of the mortgage debt.'" *Bartelamia v. U.S. Bank Nat'l Ass'n*, 2023 WL 4622897, at *3 (D. Or. July 19, 2023) (quoting Or. Rev. Stat. § 88.110).

Here, the original maturity date provided by the mortgage documentation is March 1, 2037. Notice Removal Ex. A, at 28. Plaintiff alleges that his mortgage was accelerated on or about December 1, 2012, at which point the entire debt became due. *Id.* at ¶ 31. Plaintiff argues that acceleration constitutes maturity because "the date of maturity of the mortgage debt" is advanced from the future to the moment of acceleration. Pl.'s Suppl. Br. 3, ECF No. 15. Defendants argue that the date of maturity of the mortgage debt is always the date stated in the mortgage documentation, regardless of acceleration. Defs.' Suppl. Br. 5, ECF No. 16.

Plaintiff urges the Court to adopt the statutory interpretation of ORS 88.110 articulated in *Bartelamia*. Pl.'s Suppl. Br. 5–6. In that case, Judge Nelson determined that "the date of maturity of the mortgage debt" may be changed when a mortgage has been accelerated. *Bartelamia*, 2023 WL 4622897, at *3. In her analysis, Judge Nelson examined Oregon Supreme Court case *Portland Tr. & Savings Bank v. Lincoln*, which interpreted a prior version of ORS 88.110. In that case, the court determined the maturity date was "the day when the last of the notes became due." *Portland Tr. & Savings Bank v. Lincoln*, 170 P.2d 568, 582 (Or. 1946) (citing *Lawman v. Barnett*, 177

S.W.2d 121 (Tenn. 1944)). As Judge Nelson explained, this wording implies that the Oregon Supreme Court contemplated that acceleration could trigger the statute of limitations because it changes when the last of the payments becomes due. *Bartelamia*, 2023 WL 4622897, at *3 (citing *Portland Tr.*, 170 P.2d at 582). Relying on *Lawman v. Barnett,* 177 S.W.2d 121 (Tenn. 1944), the Oregon court endorsed the holding that a statute of limitations related to foreclosure begins to run when a mortgage is accelerated.

Defendants ask the Court to adopt the reasoning the Idaho Supreme Court used when interpreting a similar Idaho statute. Defs.' Suppl. Br. 4–5. The Court declines to do so. Even without considering the differences in statutory language, Judge Nelson's interpretation of Oregon statute and case law is persuasive. Because accelerating a loan changes the date the remaining debt becomes due in full, it necessarily changes the date of maturity for the purposes of the 10-year statute of limitations provided by ORS 88.110. Here, "the date of maturity of the mortgage debt" is the date that the mortgage debt was accelerated. Because Plaintiff alleges the mortgage was accelerated on or about December 1, 2012, his claims for declaratory judgment and to quiet title survive the motion to dismiss stage.

Defendants also move to dismiss Plaintiff's unlawful collection practices claim under ORS 646.639 on the grounds that Plaintiff does not allege specific enough facts to state a claim. Defs.' Mot. Dismiss 5. Their argument misunderstands the requirements of Fed. R. Civ. P. 12(b)(6). A complaint need only contain sufficient factual allegations to allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft*, 556 U.S. at 663. Plaintiff's allegations that he was wrongfully charged late fees and other costs and that LoanCare has attempted to collect unauthorized fees and interest allow him to meet this standard. Notice Removal Ex. A, at ¶¶ 9, 40.

**CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 5) is DENIED. Additionally, Defendants, and those acting on their behalf, are enjoined from either directly or indirectly taking any actions to advance or conduct a non-judicial foreclosure sale of the real property located at 220-222 Gardenia Drive N, Salem, Oregon 97303 pending the outcome of this case.

IT IS SO ORDERED.

DATED this 30th day of September, 2024.

                                                        _____/s Michael McShane_____
                                                          Michael J. McShane
                                                   United States District Judge