IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LAWRENCE W. ROLAND, an individual, | Case No. 6:24-cv-00562-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina corporation; CIT BANK INC., a Utah corporation; MTC FINANCIAL, INC., dba TRUSTEE CORPS, a California corporation; and LOANCARE, LLC, a Virginia limited liability company, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Lawrence Roland seeks the Court's assistance in resolving title issues for real property he financed through a mortgage loan in 2007. He also brings a claim under the Unlawful Debt Collection Practices Act, ORS 646.639. Notice Removal Ex. A, ECF No. 1. Plaintiff and Defendants each move for summary judgment, disputing whether the statute of limitations has run such that Plaintiff is entitled to quiet title of the property. Because the statute of limitations was tolled, Plaintiff's Motion for Summary Judgment, ECF No. 32, is DENIED, and Defendants' Motion for Summary Judgment, ECF No. 29, is GRANTED.

## BACKGROUND

On February 2, 2007, Plaintiff took out a loan to purchase 220-222 Gardenia Drive N, Salem, Oregon 97303 ("Property"). Notice Removal Ex. A, at ¶¶ 1–2. It is undisputed that Plaintiff stopped making monthly payments on the loan as of February 1, 2013. Decl. Sup. Mot. Summ. J. ("LoanCare Decl.") 3–4, ECF No. 30. Following a series of conveyances, Defendants CIT Bank and First-Citizens Bank are now the lenders, and LoanCare is the loan servicer. Notice Removal Ex. A, at 2–4.

Defendants and their predecessors-in-interest have attempted to foreclose on the property multiple times. On November 14, 2014, Defendants' predecessors-in-interest initiated a judicial foreclosure action, which was dismissed on August 12, 2015. Request for Judicial Notice Supp. Defs'. Mot. Exs. C–D, ECF No. 31.[1] On August 23, 2017, Defendant CIT filed a complaint for judicial foreclosure against Plaintiff, which was dismissed on March 9, 2020 due to Governor Brown's foreclosure moratorium during the COVID-19 pandemic. *Id.* at Exs. E–F. On December 21, 2022, the Marion County Circuit Court issued a temporary restraining order enjoining Defendants from proceeding with foreclosure of the Property in case number 22-CV-42964, which remained in effect at least until January 4, 2023. Request Judicial Notice Supp. Defs.' Opp. Pl.'s Mot. Ex. F, ECF No. 35.

On March 18, 2024, Plaintiff filed the present Complaint in the Circuit Court of Oregon for Marion County, seeking declaratory relief and quiet title and alleging that Defendants violated Oregon's Unlawful Debt Collection Practices Act ("UDCPA"). Notice Removal Ex. A, at 7–8. On March 20, 2024, that court issued a temporary restraining order enjoining Defendants from proceeding with foreclosure. *See* Request for Judicial Notice Supp. Defs.' Opp. Pl.'s Mot. Ex. H.

---

[1] Defendants request that the Court take judicial notice of the prior case proceedings concerning Mr. Roland's Property and Oregon's foreclosure moratorium in 2020–2021. ECF Nos. 31, 35. Because those facts are "not subject to reasonable dispute" under Fed. R. Evid. 201, the Court takes judicial notice of Defendants' exhibits.

Upon removal, this Court granted Plaintiff's request for a temporary restraining order, and enjoined Defendants from conducting a foreclosure sale "pending the outcome of this case." ECF Nos. 12, 20.

## LEGAL STANDARD

On a motion for summary judgment, the moving party bears an initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine" dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute is considered "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)).

## DISCUSSION

### I. The Statute of Limitations Has Not Expired

Plaintiff brings claims for declaratory relief and quiet title, asking the Court to hold that Defendants may not foreclose on the property because too much time has passed since the mortgage's date of maturity.

Under the applicable statute of limitations, Plaintiff's claims may succeed only if more than 10 years have passed since "the date of maturity of the mortgage debt." ORS §§ 86.725, 88.110. The parties agree that the loan was accelerated on November 14, 2014. Pl.'s Mot. Summ.

J. 6; Defs.' Mot. Summ. J. 9. The original maturity date in the mortgage documentation is March 1, 2037. Request Judicial Notice Supp. Defs.' Mot. Ex. A, at 1.

Following this Court's previous opinion, the date of maturity of the mortgage debt is the date it was accelerated, November 14, 2014. Op. & Order 4, ECF No. 20. Therefore, Plaintiff argues, the foreclosure is time-barred as of November 14, 2024. Pl.'s Mot. Summ. J. 6, 14.

Defendants contend that even if the statute of limitations began on November 14, 2014, it has not expired due to statutory tolling. Defs.' Resp. Mot. Summ. J. 8, ECF No. 34. Under ORS § 12.210, "[w]hen the commencement of an action is stayed by an injunction or a statutory prohibition, the time of continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." Defendants assert that under § 12.210, they are entitled to a total of at least 1,134 days of tolling. Defs.' Resp. Pl.'s Mot. Summ. J. 9. Plaintiff does not meaningfully oppose this argument. *See* Pl.'s Resp. Opp. Defs.' Mot. Summ. J., ECF No. 36.

Defendants are correct that the statute of limitations was tolled. On March 8, 2020, then-Governor Kate Brown issued Executive Order 20-03, declaring a state of emergency related to the pandemic. *See Bartelamia v. U.S. Bank Nat'l Ass'n*, 2023 WL 4622897, at *7 (D. Or. July 19, 2023). The Oregon legislature subsequently passed a House Bill prohibiting lenders from initiating or conducting foreclosure actions during the "emergency period," March 8, 2020, through December 31, 2021. *Id.* The statute of limitations was thus tolled during those 664 days.

Defendants are entitled to an additional 209 days of tolling based on injunctions issued by the Circuit Court of the State of Oregon in case numbers 22-CV-42964 and 24-CV-13191 on December 21, 2022, and March 20, 2024, respectively. Request for Judicial Notice Supp. Defs.' Resp. Pl.'s Mot. Exs. H–I. Defendants are also entitled to tolling based on this Court's order dated September 30, 2024. As of the date of this opinion, that means that 333 days have been tolled from

the limitations period.

For these reasons, under § 12.210, Defendants are entitled to a cumulative total of 1,206 days of additional tolling. And as mentioned above, the ten-year statute of limitations in § 88.110 began to run when the mortgage was accelerated on November 14, 2014. Accordingly, the expiration of the statute of limitations has been tolled to March 4, 2028, and Plaintiff is not entitled to a declaratory judgment or quiet title. Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED as to those claims.

## II. Plaintiff's Claim for Violation of ORS 646.639

Plaintiff also argues that Defendants' conduct violated ORS 646.639. Pl.'s Mot. Summ. J. 14. The parties dispute whether Defendants are "debt collectors" or "debt buyers" under that statute. Even assuming Defendant LoanCare is a debt collector, however, Plaintiff's claim fails.

Plaintiff argues that Defendants engaged in unfair collection practices by "[a]ttempt[ing] or threat[ening] to enforce a right or remedy while knowing or having reason to know that the right or remedy does not exist[.]" Pl.'s Mot. Summ. J. 14 (quoting ORS 646.639(2)(k)) (internal quotation marks omitted). As discussed above, however, because the statute of limitations had not expired at the time the Notice of Default was recorded on November 17, 2023, Defendant LoanCare's attempt to collect fees and interest was lawful. Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's claim for unlawful debt collection practices is GRANTED, and Plaintiff's Motion is DENIED as to that claim.

## CONCLUSION

For the reasons discussed herein, Defendants' Requests for Judicial Notice, ECF Nos. 31, 35, are GRANTED. Defendants' Motion for Summary Judgment, ECF No. 29, is GRANTED, and

Plaintiff's Motion for Summary Judgment, ECF No. 32, is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of September 2025.

                                                  s/Michael J. McShane
                                                    Michael McShane
                                          United States District Judge